In re BOLAR PHARMACEUTICAL COMPANY, INCORPORATED, SECURITIES LITIGATION.

Donfred BERG, on behalf of himself and all others similarly situated, Robert Kosow, Plaintiffs,

Bolar Pharmaceutical Company, Incorporated, Robert Shulman, Larry Raisefield, Jack Rivers, Herman Antonoff, Michael Fedidu, Sidney Stuchin, Defendants,

Daniel L. Berger, Esq., Appellee,

v.

Myron C. GACKENBACH, Objector–Appellant.

No. 1340, Docket 91–9382.

United States Court of Appeals, Second Circuit.

Argued April 13, 1992.

Decided June 10, 1992.

John Kennedy Cooper, Summit, N.J. (Edmund B. Raftis, Pfaltz & Woller, P.A., Summit, N.J., Thomas D. White, New York City, of counsel), for objector-appellant.

Daniel L. Berger, New York City (Bernstein Litowitz Berger & Grossmann, of counsel), for appellee.

Before: VAN GRAAFEILAND and PRATT, Circuit Judges, and MUKASEY, District Judge of the District Court for the Southern District of New York, sitting by designation.

PER CURIAM:

Myron C. Gackenbach is a member of the plaintiff class that was certified in this securities class action. He appeals from three November 26, 1991, orders of the United States District Court for the Eastern District of New York, Leonard D. Wexler, *Judge,* which (1) denied Gackenbach's motion to have himself appointed as a special master for the purpose of examining the plaintiffs' attorneys' fees; (2) awarded appellee attorney Daniel L. Berger the sum of $2,351,694.40 for attorneys' fees (representing a modified total lodestar of $1,469,-809 multiplied by a risk enhancement factor of 1.6) and $299,672.98 for expenses; and (3) awarded the law firm of Abbey & Ellis $40,000 for attorneys' fees and expenses.

Gackenbach presents the following issues for our review:

1. Did the district court abuse its discretion in determining the attorneys' fee by multiplying the lodestar figure by a factor of 1.6 to account for the risk inherent in prosecuting the suit?

2. Did the district court abuse its discretion in awarding the plaintiff class's counsel $299,672.98 in expenses?

3. Did the district court abuse its discretion in declining to appoint Gackenbach as special master for the purpose of examining the plaintiff class's counsel's fees?

4. Did the district court abuse its discretion in denying any compensation to Gackenbach, his lawyers, and his consultant, for their work performed in objecting to the fee award?

Berger raises one additional issue for our consideration: whether the appeal is frivolous and should entitle Berger to damages and double costs.

■■■ As an initial matter, we note that the scope of our appellate review of attorneys' fee awards is narrow. "Abuse of discretion" is one of the most deferential standards of review; it recognizes that the district court, which is intimately familiar with the nuances of the case, is in a far better position to make certain decisions than is an appellate court, which must work from a cold record. We have long recognized that fee awards and risk-enhancement factors fall into this category. *See, e.g., Dague v. City of Burlington,* 935 F.2d 1343, 1357–60 (2d Cir.1991), *cert. granted,* —— U.S. ——, 112 S.Ct. 964, 117 L.Ed.2d 130 (1992).

■ However, "abuse of discretion" is not the equivalent of "unreviewable". If we are to be satisfied that a district court has properly exercised its discretion, we must be informed by the record of why the district court acted as it did. This is why, in the context of attorneys' fee awards, we have demanded "specific reasons" when a district court departs from the lodestar figure, which is "strongly presumed to be reasonable". *Huntington Branch, NAACP v. Town of Huntington,* 961 F.2d 1048, 1050 (2d Cir.1992). *See also Lewis v. Coughlin,* 801 F.2d 570, 576 (2d Cir.1986). *Cf. Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1091–92 (2d Cir.1992) (noting that circuit generally requires a "brief reasoned statement" in support of Fed. R.Civ.P. 54(b) certification, which enables the court of appeals to review the decision for abuse of discretion—unless the reasons are "obvious"); Henry J. Friendly, *Indiscretion About Discretion,* 31 Emory L.J. 747, 771 (1982) ("the desirability of a statement of reasons is beyond contest").

■ Here, in fixing the attorneys' fees, the district court made no findings and gave no rationale at all as to why a 1.6 risk-enhancement multiplier was used. We therefore must remand the matter to the district court for "detailed findings supported by specific evidence in the record" concerning the propriety of the risk-en-

hancement multiplier. *Huntington Branch, NAACP*, at 1051–52.

The propriety of ever allowing a risk-enhancement factor has recently been the subject of serious examination by the Supreme Court. *See Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (inconclusive 4–1–4 decision on the issue of whether and when, if ever, the risk of nonpayment could be considered in granting an enhancement to a fee award). Since the Court recently granted *certiorari* in *Dague* to consider attorneys' fee issues, *see* 112 S.Ct. 964 (1992), including the issue of risk enhancement, the district court on remand may well be inclined to postpone further consideration in this case until it has the benefit of whatever guidance the Supreme Court may provide when it decides *Dague*. *See Huntington Branch, NAACP*, at 1051–52.

Although the district court gave few reasons for awarding Abbey & Ellis $40,000 in fees and expenses, the findings supporting that conclusion are clearly apparent from the record, and the award does not constitute an abuse of the district court's discretion. Likewise, the district court did not abuse its broad discretion in summarily denying Gackenbach's unusual requests to be appointed as special master and to be compensated for his costs in objecting to the fee award. Those two orders are affirmed in their entirety.

The order of the district court concerning Berger's attorney fees is vacated, and the case is remanded for specific findings and a reasoned explanation for allowing a risk-enhancement multiplier of 1.6. Berger's request for Fed.R.App.P. 38 sanctions is, of course, denied.